UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| AYLO PREMIUM LTD, a limited liability company organized under the laws of the Republic of Cyprus,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOES 1 - 20 D/B/A, PORNXP.COM, PORNXP.NET, PORNXP.CC, PORNXP.ORG, PORNXP.CLOUD, PORNXP.EU, PORNXP.CLICK, PORNXP.PICS, PORNXP.QUEST, PORNXP.BUZZ, PORNXP.CFD, PORNXP.NETWORK, PORNXP.PRO, PORNXP.LIFE, PORNXP.SBS, PORNXP.STREAM, PORNXP.ME, PORNXP.CLUB, PORNXP.ONE, PORNXP.SPACE, PORNXP.TV, PORNXP.CAM, PORNXP.LIVE, PORNXP.TUBE, PORNXP.TOP, PORNXP.WATCH, PORNXP.DOWNLOAD, PORNXP.LOL, PORNXP.LAT, PORNXP.WEBSITE, PORNXP.SITE, PORNXP.ONLINE, PORNXP.VIDEO, PORNXP.XYZ, AND PORNXP.INFO.<br><br>Defendants. | Case No.: 3:25-cv-05473-BHS<br><br>**PLAINTIFF AYLO PREMIUM LTD'S** *EX PARTE* **MOTION FOR EARLY DISCOVERY AND FOR AN EXTENSION OF THE SERVICE DEADLINE**<br><br>NOTE ON MOTION CALENDAR:<br>**JUNE 18, 2025** |

PLAINTIFF'S *EX PARTE* MOTION FOR EARLY DISCOVERY
Case No. 3:25-cv-05473
- 1

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

1    Plaintiff, Aylo Premium Ltd ("Plaintiff") files this Motion for Early Discovery
2 ("Motion") in the above-captioned case through its counsel, Ethan Jacobs. Plaintiff seeks leave of
3 this Court to discover the identities of all owners and operators of pornxp.com, pornxp.net,
4 pornxp.cc, pornxp.org, pornxp.cloud, pornxp.eu, pornxp.click, pornxp.pics, pornxp.quest,
5 pornxp.buzz, pornxp.cfd, pornxp.network, pornxp.pro, pornxp.life, pornxp.sbs, pornxp.stream,
6 pornxp.me, pornxp.club, pornxp.one, pornxp.space, pornxp.tv, pornxp.cam, pornxp.live,
7 pornxp.tube, pornxp.top, pornxp.watch, pornxp.download, pornxp.lol, pornxp.lat, pornxp.website,
8 pornxp.site, pornxp.online, pornxp.video, pornxp.xyz, and pornxp.info (together, "PornXP"), the
9 websites infringing Plaintiff's copyrighted works. This information is essential to prosecuting
10 the Complaint Plaintiff filed in this case (Dkt. No. 1). To effectuate this goal, Plaintiff seeks a
11 Court order allowing it to serve document subpoenas on (1) Porkbun LLC, (2) NameSilo LLC, (3)
12 Spaceship LLC and Spaceship Inc., (4) GoDaddy Operating Company, LLC, (5) Public Interest
13 Registry, (6) Privacy Protect LLC, (7) PrivacyGuardian.org LLC, and (8) Private by Design LLC
14 (together, the "Service Providers") for identifying information of the Defendants, who are their
15 customers.

16 **I.    INTRODUCTION**

17    Plaintiff seeks the identities of Defendants, the owners and operators of PornXP, who have
18 taken measures to conceal their identity. PornXP are websites that host and display thousands of
19 copyright infringing videos. The first step in identifying the Defendants is to serve document
20 subpoenas on the Service Providers associated with PornXP. Plaintiff therefore seeks leave of
21 Court to serve document subpoenas on these Service Providers in advance of this case's Rule 26(f)
22 conference to discover Defendants' true identities and serve them with process in this case.
23 Plaintiff further moves for a 60-day extension of the Rule 4(m) deadline to serve domestic
24 defendants it has yet to identify and locate, thereby extending the deadline from August 27, 2020
25 to October 26, 2025.

26

PLAINTIFF'S *EX PARTE* MOTION FOR EARLY
DISCOVERY
Case No. 3:25-cv-05473
- 2

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

## II. FACTUAL BACKGROUND

Plaintiff is a private limited liability company organized under the laws of the Republic of Cyprus that owns one of the largest portfolios of premium adult-oriented audiovisual content in the world. To protect its content and business conducted in the United States, Plaintiff registered copyrights in its content with the U.S. Copyright Office. *See* Complaint (Dkt. No. 1), ¶¶ 32, 61.

Defendants, Does 1-20, are unknown persons and/or entities operating PornXP. *See* Compl., ¶¶ 34-38. PornXP are video streaming websites that work in concert to target United States viewers, enticing them to view illegally displayed copyright-protected materials, including works owned by Plaintiff. *See* Compl., ¶¶ 14-16, 39 *et seq*. The PornXP websites have tens of millions of visitors each month. *See* Compl., ¶ 24. Of these users, visitors from the United States make up a significant percentage. *Id.*

The copyright infringement on PornXP websites is open and unconcealed, but the site's owners and operators hide their identities. PornXP domain names use registrar-provided privacy services to hide the actual identities of their owners and operators. Declaration of Jason Tucker ("Tucker Decl."), ¶ 15. These privacy services include Massachusetts-based Privacy Protect LLC (used for pornxp.cloud), Arizona-based PrivacyGuardian.org LLC (used for pornxp.net and pornxp.cc), and North Carolina-based Private by Design LLC (used for pornxp.club), among others. *See* Compl. ¶ 20. Despite the open and ongoing infringement across the PornXP network, these measures frustrate enforcement efforts and support the need for early discovery to identify the responsible parties.

### A. PornXP Uses Vendors Who May Know the Identity of Its Owners and Operators

PornXP uses several service providers who may know the identity of the people behind the websites.

PLAINTIFF'S *EX PARTE* MOTION FOR EARLY DISCOVERY
Case No. 3:25-cv-05473
- 3

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

1. **Domain Registrars**

PornXP websites use, among others, Oregon-based Porkbun LLC, Arizona-based NameSilo LLC, Arizona-based Spaceship LLC and Spaceship Inc. d/b/a Spaceship, and GoDaddy Operating Company, LLC as domain registrars. Tucker Decl., ¶ 9. *See also* Compl., ¶ 19.

*Porkbun.* Porkbun LLC provides the registrar services for the pornxp.club, pornxp.one, pornxp.tube, pornxp.download, pornxp.lat, pornxp.website, pornxp.video, pornxp.xyz, pornxp.click, pornxp.pics, pornxp.quest, and pornxp.space domains, and thus has the registration information for those domain names. Tucker Decl., ¶ 10.

*NameSilo.* NameSilo LLC provides the registrar services for the pornxp.net, pornxp.cc, pornxp.top, pornxp.watch, and pornxp.lol domains, and thus has the registration information for those domain names. *Id.*, ¶ 11.

*Spaceship.* Spaceship LLC and Spaceship Inc. d/b/a Spaceship provide the registrar services for the pornxp.buzz, pornxp.cfd, pornxp.network, pornxp.pro, pornxp.life, pornxp.sbs, pornxp.stream, pornxp.cam, pornxp.live, and pornxp.site domains, and thus has the registration information for those domain names. *Id.*, ¶ 12.

*GoDaddy.* GoDaddy Operating Company, LLC provides the registrar services for .tv domain names including the pornxp.tv domain name, and thus has the registration information for that domain name. *Id.*, ¶ 13.

*Public Interest Registry.* Virginia-based Public Interest Registry provides the registry services for all .org domain names including the pornxp.org domain name, and thus has the registration information for that domain name. *Id.*, ¶ 14.

2. **Privacy Services**

PornXP websites use, among others, Massachusetts-based Privacy Protect LLC, Arizona-based PrivacyGuardian.org LLC, and North Carolina based Private by Design LLC as privacy services to conceal the identity of the registrants. *See* Compl., ¶¶ 20 Tucker Decl., ¶ 15.

PLAINTIFF'S *EX PARTE* MOTION FOR EARLY DISCOVERY
Case No. 3:25-cv-05473
- 4

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

***Privacy Protect.*** Privacy Protect LLC provides the privacy services for the pornxp.cloud and pornxp.org domains, and thus has the registration information for those domain names. Tucker Decl., ¶ 16.

***PrivacyGuardian.org.*** PrivacyGuardian.org LLC provides the privacy services for the pornxp.net, pornxp.cc, pornxp.top, pornxp.watch, and pornxp.lol domain names, and thus has the registration information for those domain names. *Id.*, ¶ 17.

***Private by Design.*** Private by Design LLC provides the privacy services for the pornxp.one, pornxp.video, and pornxp.club domain names, and thus has the registration information for those domain names. *Id.*, ¶ 18.

Plaintiff's outside counsel has contacted PornXP service providers—including NameSilo LLC, GoDaddy Operating Company LLC, and Public Interest Registry—who have either ignored requests for information or previously said they would only provide information in response to a subpoena. *See* Declaration of Spencer Freeman in Support of Motion for Early Discovery ("Freeman Decl."), ¶¶ 2-3.

### III.   ARGUMENT

The Federal Rules of Civil Procedure allow for discovery before a Rule 26(f) conference on a showing of good cause. *See Bungie Inc. v. Fisher,* No. C23-1143-MLP, 2024 WL 2154190, at *2 (W.D. Wash. Apr. 24, 2024); *Amazon.com, Inc. v. Yong*, 2021 WL 1237863, at *1 (W.D. Wash. Apr. 2, 2021) (adopting the "good cause" standard for motions for expedited discovery and finding that plaintiffs demonstrated good cause for expedited discovery).

Courts have recognized that "[s]ervice of process can pose a special dilemma for plaintiffs in cases like this in which the tortious activity occurred entirely on-line." *MG Premium Ltd. v. Does 1-20*, 2020 WL 1675741, at *1 (W.D. Wash. Apr. 6, 2020) (quoting *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999)). Accordingly, courts apply a four-factor test to motions for expedited discovery to identify defendants who are anonymous Internet users:

PLAINTIFF'S *EX PARTE* MOTION FOR EARLY DISCOVERY
Case No. 3:25-cv-05473
- 5 -

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

the moving plaintiff must: (1) identify the unknown defendants with sufficient specificity for the court to determine that the defendant is a real person who can be sued in federal court; (2) recount the efforts taken to locate and identify the unknown defendants; (3) demonstrate the action can withstand a motion to dismiss; and (4) demonstrate a reasonable likelihood that the sought discovery will lead to identifying information that will permit service of process. *Bungie*, 2024 WL 2154190, at *1-*2. Each of these factors favors granting Plaintiff's request for pre-service discovery into Defendants' identity.

A plaintiff may obtain an extension of the deadline set in Rule 4(m) to serve defendants located in the United States where it has been otherwise unable to serve them in a timely fashion. Fed. R. Civ. P. 6(b). *See also* Fed. R. Civ. P. 4(m) ("if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period"). Plaintiff has good cause for an extension because, despite its best efforts, it has not yet identified Defendants.

### A. Defendants Are Real Persons or Entities

First, Plaintiff has identified the Defendants with enough specificity that the Court can determine they are real people or entities who could be sued in federal court. Plaintiff observed and documented widespread copyright infringement of its registered works by individuals and/or entities that own or operate the PornXP websites. *See* Compl., ¶¶ 39-58. The requested discovery is necessary for the Plaintiff to determine their true names and addresses.

### B. Plaintiff Has Taken Steps to Identify Defendants

Second, Plaintiff has exhausted the available steps to identify Defendants short of serving discovery on PornXP service providers. Defendants' website provides no identifying or contact information; PornXP uses privacy services to conceal the identity of the owners of its domains; and no one responded to the DMCA takedown notices Plaintiff submitted to PornXP using the email addresses listed on the websites. *See* Compl. ¶¶ 20, 51 and Tucker Decl., ¶¶ 7-20.

Plaintiff does not have more information that would identify Defendants and does not

PLAINTIFF'S *EX PARTE* MOTION FOR EARLY DISCOVERY
Case No. 3:25-cv-05473
- 6

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

know of any means likely to provide their identity other than seeking information maintained by the domain privacy service, registrar service, and other service providers. Tucker Decl., ¶ 20. In short, Plaintiff has no way of determining Defendants' identities except through pre-service discovery.

### C. Plaintiff's Complaint Can Withstand a Motion to Dismiss

Third, Plaintiff's Complaint pleads *prima facie* claims for copyright infringement, contributory copyright infringement, and vicarious infringement that would withstand a motion to dismiss. Specifically, Plaintiff has alleged that (i) it owns and has registered the copyright in the works at issue; that (ii) Defendants made unauthorized reproductions of those works and distributed them without Plaintiff's authorization; and (iii) Plaintiff was damaged by Defendants' actions. *See* Compl. ¶¶ 61-72. These allegations state a claim for copyright infringement.

When outlining the factors above, the court in *Columbia Ins.* noted that when parties seek redress against defendants who take advantage of the anonymity of the internet to commit torts online, "traditional enforcement of strict compliance with service requirements should be tempered by the need to provide injured parties with a forum in which they may seek redress for grievances," balanced against the right to participate in online forums anonymously "so long as those acts are not in violation of the law." *Columbia Ins.*, 185 F.R.D. at 578. Here, the factors show that Plaintiff needs to learn Defendants' identities to stop their ongoing copyright infringement, while Defendants' conduct does not use anonymity to foster communication or inquiry but instead to avoid being held accountable for exploiting someone else's intellectual property.

### D. The Discovery Plaintiff Seeks Will Allow Plaintiff to Identify and Serve Defendants

Early discovery should help identify information about the Defendants. The eight service providers identified—Porkbun LLC, NameSilo LLC, Spaceship, GoDaddy Operating Company, LLC, Public Interest Registry, Privacy Protect LLC, PrivacyGuardian.org LLC, and Private by

PLAINTIFF'S *EX PARTE* MOTION FOR EARLY DISCOVERY
Case No. 3:25-cv-05473
- 7

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

Design LLC—are likely to have relevant details about the Defendants' identities and locations. Plaintiff requests leave to subpoena these providers for all relevant information, including names, addresses, login information, billing and transaction records, account information, server logs and IP addresses, email exchanges, and IP login information related to the Defendants' accounts for the PornXP domain names.

The Order should further specify that Plaintiff shall use this information only to prosecute the claims made in its Complaint. Further, because 47 U.S.C. § 551 (The Cable Privacy Act) prohibits cable operators from disclosing personally identifiable information concerning subscribers without the prior written or electronic consent of the subscriber or a court order, and because some internet service providers are also cable operators, Plaintiff requests that the Court's Order state that the Court has contemplated the Cable Privacy Act and that the order complies with the Act's requirements. And because Plaintiff has not confirmed Defendants' identities or locations or been able to serve them with process, it respectfully requests that it be excused from the advance notice requirement of Federal Rule of Civil Procedure 45(b)(1).

### E. Plaintiff Has Good Cause for an Extension of the Service Deadline

"Rule 4(m) contains both a mandatory and a discretionary component." *Hearst v. West*, 31 Fed. App'x 366, 368 (9th Cir. 2002). Upon a showing of good cause for the lack of service or for defective service, the district court must extend the time period for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Even absent a showing of good cause, the district court still has "the discretion to dismiss without prejudice or extend the time period." *Id.* (*citing Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298, 1305 (3d Cir. 1995)).

Plaintiff has good cause for having not served any domestic defendants that still need to be served: it does not yet know who they are or where they reside. Having exhausted the information available to it through readily available sources, Plaintiff requires formal discovery from third parties to identify, locate, and effect service on Defendants. More time to identify and serve these Defendants will allow Plaintiff to do so.

PLAINTIFF'S *EX PARTE* MOTION FOR EARLY DISCOVERY
Case No. 3:25-cv-05473
- 8

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

If the Court disagrees that this is good cause requiring an extension under the mandatory language of Rule 4(m), it should still exercise its discretion and grant the extension in the interest of judicial efficiency. Plaintiff has invested considerable time and resources into determining Defendants' identities. It believes the third-party discovery requested in this Motion will result in identifying Defendants and that Plaintiff can then quickly serve them. Without additional time, U.S. defendants could be dismissed from this suit without prejudice for lack of service. Plaintiff's efforts to identify them would not cease, however, and once they were identified, it would sue them. The more efficient approach is to allow discovery now to expedite the process.

///

PLAINTIFF'S *EX PARTE* MOTION FOR EARLY DISCOVERY
Case No. 3:25-cv-05473
- 9

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

## IV. CONCLUSION

For the reasons above, Plaintiff respectfully requests that the Court enter the proposed order submitted herewith, authorizing it to conduct third-party discovery to identify, locate, and serve Defendants, and to extend the Rule 4(m) deadline to serve Defendants by 60 days.

RESPECTFULLY SUBMITTED this 18th day of June 2025.

**ETHAN JACOBS LAW CORPORATION**

By /s/ Ethan Jacobs

Ethan Jacobs (admitted *pro hac vice*)
100 Pine Street, Suite 1250
San Francisco, CA 94111
415-275-0845
ethan@ejacobslaw.com

**FREEMAN LAW FIRM, INC.**

By /s/ Spencer D. Freeman

Spencer D. Freeman, WSBA No. 25069
1107 ½ Tacoma Avenue South
Tacoma, Washington 98042
253-383-4500
253-383-45101 (fax)
sfreeman@freemanlawfirm.org

*Counsel for Plaintiff Aylo Premium Ltd*

PLAINTIFF'S *EX PARTE* MOTION FOR EARLY DISCOVERY
Case No. 3:25-cv-05473
- 10

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845