1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AYLO PREMIUM LTD, a limited liability company organized under the laws of the Republic of Cyprus,<br><br>                Plaintiff,<br><br>   v.<br><br>ALEX ABDULLAEV AND JOHN DOES 1 - 20 D/B/A, PORNXP.COM, PORNXP.NET, PORNXP.CC, PORNXP.ORG, PORNXP.CLOUD, PORNXP.EU, PORNXP.CLICK, PORNXP.PICS, PORNXP.QUEST, PORNXP.BUZZ, PORNXP.CFD, PORNXP.NETWORK, PORNXP.PRO, PORNXP.LIFE, PORNXP.SBS, PORNXP.STREAM, PORNXP.ME, PORNXP.CLUB, PORNXP.ONE, PORNXP.SPACE, PORNXP.TV, PORNXP.CAM, PORNXP.LIVE, PORNXP.TUBE, PORNXP.TOP, PORNXP.WATCH, PORNXP.DOWNLOAD, PORNXP.LOL, PORNXP.LAT, PORNXP.WEBSITE, PORNXP.SITE, PORNXP.ONLINE, PORNXP.VIDEO, PORNXP.XYZ, AND PORNXP.INFO.,<br><br>                Defendants. | CASE NO. 25-CV-5473-BHS<br><br>ORDER |

THIS MATTER is before the Court on Plaintiff Aylo Premium Ltd's ex parte motion for leave for alternative service, Dkt. 11.

Aylo asserts copyright infringement claims against Defendants Alex Abdullaev and Johns Does 1–20, d/b/a 35 websites, for misappropriation of Aylo's copyrighted works. Dkts. 1, 10. Aylo seeks leave to serve Abdullaev by alternative means, specifically, by email, under Fed. R. Civ. P. 4(f)(3) and (h)(2). Dkt. 11.

Fed. R. Civ. P. 4(f)(3) and (h)(2) provide that service outside the United States on a foreign business entity or individual may be effected "by other means not prohibited by international agreement, as the court orders." *Rio Prop., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). The party requesting authorization to serve by alternative means must "demonstrate that the facts and circumstances of the present case necessitated the district court's intervention." *Id.* at 1016. In some circumstances, a party may establish that email is a method that is "reasonably calculated to provide notice and an opportunity to respond." *Id.* at 1017–18.

Fed. R. Civ. P. 4(f)(1) provides that service may be effected "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." While Rule 4(f) does not create a hierarchy of preferred methods of service of process, "[a] federal court would be prohibited from issuing a Rule 4(f)(3) order in contravention of an international agreement, including the Hague Convention referenced in Rule 4(f)(1)." *Rio*, 284 F.3d at 1014–15 & n.4. However, "by

its terms, the Convention doesn't apply 'where the address of the person to be served with the document is not known.'" *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Technology Co., Ltd.*, No. 19-CV-01167, 2020 WL 5036085, at *2 (Aug. 19, 2020) (quoting Art. 1).

Aylo asserts that service by email on Abdullaev is the only effective means of providing notice to the Defendants of the lawsuit. Dkt. 11 at 6. Through early discovery, Aylo identified Abdullaev as the primary contact for fourteen of the websites. *Id.* at 4. Aylo attempted service at Abdullaev's physical address in Kyrgyzstan, but no resident answered the door to accept delivery. *Id.* at 2. Aylo contends, however, that two email addresses Abdullaev provided to website service providers are valid. *Id.* at 3.

Aylo argues that serving Abdullaev by email provides notice not only to the websites directly associated with him, but also to the other 21 websites, which it contends are under Abdullaev's common control. *Id.* at 5. Aylo points out that although Kim Hoang is listed as the registered contact for ten of the websites, the domain registry accounts identifying Abdullaev and Hoang were accessed from the same IP address in the Netherlands. *Id.* at 2. In addition, aside from an initial credit card payment for Abdullaev's websites, all payments for the websites were made using the same form—cryptocurrency. *Id.* at 4. Aylo contends that Hoang's contact information, including Hoang's mailing address in Vietnam and two emails addresses, is invalid. *Id.*

ORDER - 3

1    Aylo further asserts that each of the 35 websites have nearly identical layouts,
2 including the pages for Terms of Service, Privacy Policy, and DMCA[1] notice and
3 takedown procedures. *Id.* It emphasizes that although the websites have different top-
4 level domain names (e.g., .click, .cloud, .club), the websites all require that DMCA
5 takedown requests be sent to the same email address with the same top-level domain:
6 dmca@pornxp.com. *Id*. Aylo contends that this email address is valid, explaining that it
7 sent multiple emails to that address and did not receive bounce-back notifications or a
8 response denying the association as an operator or owner of the websites. *Id.* Aylo asserts
9 that the Hague Convention does not impede alternative service in this case. *Id.* at 8.

10   The Court concludes that Aylo has established that service by email to Abdullaev
11 is reasonable in this case, given its showing that active email addresses are available
12 and that email is reasonably calculated to provide Defendants notice of this lawsuit and
13 comport with due process.

14   Aylo Premium's motion for leave for alternative service, Dkt. 11, is **GRANTED**.
15   Dated this 25th day of September, 2025.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

---

[1] Digital Millennium Copyright Act