1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**TACOMA DIVISION**

AYLO PREMIUM LTD, a limited liability
company organized under the laws of the
Republic of Cyprus,

              Plaintiff,

      v.

ALEX ABDULLAEV AND JOHN DOES 1 -
20 D/B/A, PORNXP.COM, PORNXP.NET,
PORNXP.CC, PORNXP.ORG,
PORNXP.CLOUD, PORNXP.EU,
PORNXP.CLICK, PORNXP.PICS,
PORNXP.QUEST, PORNXP.BUZZ,
PORNXP.CFD, PORNXP.NETWORK,
PORNXP.PRO, PORNXP.LIFE,
PORNXP.SBS, PORNXP.STREAM,
PORNXP.ME, PORNXP.CLUB,
PORNXP.ONE, PORNXP.SPACE,
PORNXP.TV, PORNXP.CAM,
PORNXP.LIVE, PORNXP.TUBE,
PORNXP.TOP, PORNXP.WATCH,
PORNXP.DOWNLOAD, PORNXP.LOL,
PORNXP.LAT, PORNXP.WEBSITE,
PORNXP.SITE, PORNXP.ONLINE,
PORNXP.VIDEO, PORNXP.XYZ, AND
PORNXP.INFO,

              Defendants.

**Case No.:  3:25-cv-05473-BHS**

PLAINTIFF AYLO PREMIUM LTD'S
MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT ALEX
ABDULLAEV

NOTE ON MOTION CALENDAR:
**November 21, 2025**

PLAINTIFF AYLO PREMIUM LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT
ALEX ABDULLAEV
Case No. 3:25-cv-05473-BHS        - 1

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

Plaintiff Aylo Premium Ltd ("Plaintiff" or "Aylo") hereby moves the Court under Fed. R. Civ. P. 55 and Local Rule 55 for entry of default judgment against Defendant Alex Abdullaev.

## I.     Procedural Considerations

### A. The Court has Jurisdiction over the Subject Matter and Defendant Alex Abdullaev.

This Court has subject matter jurisdiction under 17 U.S.C. §§ 101 *et seq.*, 28 U.S.C. § 1331, and 28 U.S.C. § 1338 because this case arises under the Copyright Act. *See* FAC, Dkt. No. 10, ¶¶ 11–12.

This Court also has personal jurisdiction over Defendant Alex Abdullaev under Fed. R. Civ. P. 4(k)(2) because he is a foreign defendant with no known United States residence who has purposefully directed activities at the United States, including through operation of the Websites.[1] The Websites use U.S.-based vendors to publicly display infringing content to U.S. users and derive revenue from the U.S. market. This deliberate targeting supports personal jurisdiction under Rule 4(k)(2). *See Will Co. Ltd. v. Lee*, No. 5:21-cv-05143-EJD, 2022 WL 3013028, at *5–7 (N.D. Cal. July 29, 2022); *see also AMA Multimedia LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020).

Additionally, because Alex Abdullaev is a foreign defendant, he is subject to personal jurisdiction in any district in the United States under 28 U.S.C. § 1391(c)(3).

Venue is proper in this Court under 28 U.S.C. § 1400(a) because this is a copyright infringement case, and Alex Abdullaev has committed acts of infringement in this District. Venue

---

[1] The Websites are pornxp.com, pornxp.net, pornxp.cc, pornxp.org, pornxp.cloud, pornxp.eu, pornxp.click, pornxp.pics, pornxp.quest, pornxp.buzz, pornxp.cfd, pornxp.network, pornxp.pro, pornxp.life, pornxp.sbs, pornxp.stream, pornxp.me, pornxp.club, pornxp.one, pornxp.space, pornxp.tv, pornxp.cam, pornxp.live, pornxp.tube, pornxp.top, pornxp.watch, pornxp.download, pornxp.lol, pornxp.lat, pornxp.website, pornxp.site, pornxp.online, pornxp.video, pornxp.xyz, and pornxp.info ("Websites" or "PornXP Network". *See* Dkt. No. 10, ¶ 35.

PLAINTIFF AYLO PREMIUM LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT
ALEX ABDULLAEV
Case No. 3:25-cv-05473-BHS          - 2

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

1    is also proper under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving
2    rise to Plaintiff's claims occurred in this District. *See* FAC ¶ 28.

3    **B.  Plaintiff Effected Service of Process of Alex Abdullaev Under Fed. R. Civ. P. 4(h).**

4            On September 26, 2025, Plaintiff served Alex Abdullaev with the complaint via email
5    with leave of Court. *See* Dkt. No. 18.

6            Fed. R. Civ. P. 4(f)(3) prohibits service on a minor or incompetent person. There is no
7    basis to conclude that Alex Abdullaev is a minor or incompetent person. Further, Alex Abdullaev
8    (1) established accounts with vendors who were paid using cryptocurrency, and (2) created the
9    Websites, which evidenced knowledge of advanced computer and website programming. *See* Dkt.
10   No. 12, ¶¶ 17. Both of these facts support the conclusion that Alex Abdullaev is neither a minor
11   nor an incompetent person.

12   **C.  Default Judgment is Warranted Here.**

13           Plaintiff Aylo Premium Ltd initiated this action on May 29, 2025, seeking damages and
14   injunctive relief for copyright infringement. *See* Dkt. No. 1.

15           After Plaintiff served him with the First Amended Complaint, *see* Dkt. No. 18, Alex
16   Abdullaev failed to appear, answer the First Amended Complaint, or otherwise defend this action.
17   As a result, default was entered against him on October 28, 2025. *See* Dkt. No. 19. Default
18   judgment against Alex Abdullaev is now proper under Fed. R. Civ. P. 55(b)(2).

19           **II.    Default Judgment Is Appropriate Under the *Eitel* Factors.**

20           This motion for default judgment is based on the allegations of the First Amended
21   Complaint. *See* Dkt. No. 10. At the default judgment stage, the well-pleaded factual allegations
22   in the Complaint, except those related to damages, are considered admitted and are sufficient to
23   establish a defendant's liability. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th
24   Cir. 1987); *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); Fed. R. Civ. P.
25   8(b)(6).

26

PLAINTIFF AYLO PREMIUM LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT
ALEX ABDULLAEV
Case No. 3:25-cv-05473-BHS        - 3 -

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

1    The court, in exercising its discretion to grant a motion for default judgment, considers

2    the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's

3    substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action;

4    (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable

5    neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring

6    decisions on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir. 1986). All seven

7    factors favor the entry of a default judgment here.

8    **A.    Possibility of Prejudice to Plaintiff**

9    Aylo will be prejudiced if default judgment is not entered. Aylo served process on Alex

10    Abdullaev under Fed. R. Civ. P. 4, but he did not respond to the First Amended Complaint.

11    Where—as here—a "[d]efendant has not answered or otherwise responded to the Complaint," the

12    plaintiff asserting a claim of copyright infringement "will have no remedy without a judgment"

13    and "will be prejudiced if the Court does not grant default judgment." *Browar v. JHH Exp. &*

14    *Imp., LLC*, 2024 WL 5275523, at *2 (C.D. Cal. Oct. 25, 2024) (citing *PepsiCo, Inc. v. Cal. Sec.*

15    *Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002)).

16    **B.    The First Amended Complaint Alleges Facts That Establish Alex Abdullaev**
17    **Infringed Plaintiff's Copyrighted Works.**

18    *Eitel* factors two and three consider the merits of a plaintiff's claims and the sufficiency

19    of the complaint. Here, Plaintiff has asserted a prima facie claim for copyright infringement. Aylo

20    has alleged that (a) it owns and has registered the copyright in the Works and (b) Alex Abdullaev

21    made unauthorized reproductions of those Works and distributed them without Aylo's

22    authorization. These allegations state a valid claim for copyright infringement.

23    "A plaintiff bringing a claim for copyright infringement must demonstrate '(1) ownership

24    of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Funky*

25    *Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1076 (9th Cir. 2006) (quoting *Feist*

26

PLAINTIFF AYLO PREMIUM LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT
ALEX ABDULLAEV
Case No. 3:25-cv-05473-BHS        - 4

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

*Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)), *overruled on other grounds* by *Skidmore as Tr. For Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020).

The complaint here adequately alleges copyright infringement. It alleges that Alex Abdullaev owns and/or operates the Websites. *See* FAC ¶¶ 6, 35. It alleges that the Websites displayed 2,040 of Aylo's copyrighted works at 71,400 URLs. *See* Exhibit I to FAC, Dkt. No. 10-9. *See also* Declaration of Anis Baba in Support of Application for Default Judgment ("Baba Decl."), ¶ 4; Declaration of Jason Tucker in Support of Application for Default Judgment ("Tucker Decl."), ¶ 12. Alex Abdullaev has no authority or license to display or distribute any portion of Plaintiff's copyrighted works on the Websites. *See* FAC ¶¶ 49–50. *See also* Baba Decl. ¶ 4; Tucker Decl. ¶ 14. And Plaintiff owns the copyright for each video displayed on Alex Abdullaev's sites. FAC ¶ 32 & Exhibit I, Dkt. No. 10-9. *See also* Baba Decl. ¶ 4; Tucker Decl. ¶ 12.

## C.    The Amount of Money At Stake Is Proportional to Alex Abdullaev's Conduct.

*Eitel* factor four considers "the amount of money at stake in relation to the seriousness of defendant's conduct." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d at 1176. The court must assess whether the recovery plaintiff seeks is proportional to the defendant's conduct. "If the amount of money is large or disproportionate, this factor weighs against default judgment." *Curtis v. Illumination Arts, Inc*, 33 F.Supp.3d 1200, 1212 (W.D. Wash. 2014).

The Copyright Act authorizes statutory damages for willful infringement up to $150,000.00 per infringed work. 17 U.S.C. § 504(c). As shown in section III.D below, that statutory damages calculation would come to $30,600,000 in this case. Here, Plaintiff seeks only $15,000 in statutory damages per work infringed, despite its statutory right to seek up to ten times that amount. This award is proportionate to Alex Abdullaev's extensive misconduct. Only a large award will deter operators such as Alex Abdullaev from future unlawful action and reinforce that willful copyright infringement at this scale is unacceptable under U.S. law.

PLAINTIFF AYLO PREMIUM LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT
ALEX ABDULLAEV
Case No. 3:25-cv-05473-BHS        - 5 -

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

D.      **The Remaining Factors**

*Eitel* factors five, six, and seven also favor entry of default judgment here.

**Factor five.** The complaint documents Alex Abdullaev's infringement of 2,040 of Aylo's copyrighted works on the Websites. The complaint alleges ownership of the copyrights for those Works, that the registrations were effective before the infringing activity, and that Alex Abdullaev had no authority to display the Works. Alex Abdullaev's failure to participate in this action makes it unlikely that he could dispute these facts. *See Kiraco, LLC v. Khalil-Mamoon.com*, 2022 WL 2155972, at *5 (C.D. Cal. Jan. 20, 2022) ("Although it is possible that Defendant could dispute some or all of the material facts, its failure to participate in this action shows that is unlikely.").

**Factor six.** There has been no showing that Alex Abdullaev's failure to participate in this litigation was the result of excusable neglect. Alex Abdullaev was properly served but failed to respond.

**Factor seven.** Although "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, the mere existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Further, Alex Abdullaev's failure to answer or otherwise respond to the First Amended Complaint "makes a decision on the merits impractical, if not impossible." *Id*.

### III.     The Copyright Act Authorizes an Award of Statutory Damages Against Alex Abdullaev.

The Copyright Act provides that a plaintiff may recover, at its election, either (1) its actual damages and any additional profits of the infringer or (2) statutory damages. 17 U.S.C. § 504. For infringement of works registered with the U.S. Copyright Office before the infringing activity began, statutory damages are between $750 and $30,000 per work infringed, or up to $150,000 per work infringed in cases of willful infringement. 17 U.S.C. § 504(c). A plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by

PLAINTIFF AYLO PREMIUM LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT
ALEX ABDULLAEV
Case No. 3:25-cv-05473-BHS          - 6 -

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

plaintiff of the profits reaped by defendant. *See Jackson v. Sturkie*, 255 F.Supp.2d 1096, 1103 (N.D. Cal. 2003).

Congress increased the maximum from $100,000 to $150,000 because it found large awards were necessary to provide enhanced deterrence. H.R. Rep. No. 106-216 (1999), pp. 6–7. "A statutory damages award within the limits prescribed by Congress is appropriate even for uninjurious and unprofitable invasions of copyright. We have consistently held and stated that statutory damages are recoverable without regard to the existence or provability of actual damages." *New Form, Inc. v. Tekila Films, Inc.*, 357 F. App'x 10, 11 (9th Cir. 2009) (cleaned up).

Alex Abdullaev displayed 2,040 of Aylo's copyrighted works on the Websites. *See* FAC ¶ 50 & Ex. I, Dkt. No. 10–9. The value of Plaintiff's content, the damage caused by Alex Abdullaev's unauthorized reproduction and distribution to hundreds of thousands of potential consumers, and the willfulness of Alex Abdullaev's infringing actions warrant a sizeable award. Plaintiff has been damaged by Alex Abdullaev's conduct, continues to be damaged by his conduct, and has no adequate remedy at law to compensate for all the possible damages stemming from his conduct.

Plaintiff elects to recover statutory damages under 17 U.S.C. § 504(c). Although proof of actual damages is not required to recover statutory damages, Plaintiff provides evidence of its actual damages below to support the requested statutory damages amount and is prepared to offer additional in-court testimony with respect to actual damages.

**A.  Plaintiff's Copyrighted Works are Valuable.**

Aylo owns one of the largest portfolios of premium adult-oriented audiovisual content in the world. Aylo's library of works includes "Reality Kings," "Brazzers," "MOFOS," "Babes.com," and "Twistys." These are some of the most well-known and popular brands in the legal adult entertainment industry. *See* Baba Decl. ¶¶ 3, 6.

PLAINTIFF AYLO PREMIUM LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT
ALEX ABDULLAEV
Case No. 3:25-cv-05473-BHS      - 7 -

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

Aylo earns money through paid membership websites where users pay monthly fees for access to Aylo's copyrighted works. These membership websites include brazzers.com, realitykings.com, mofos.com, babes.com, and twistys.com. *See* FAC ¶ 29; Baba Decl. ¶ 6.

**B. Alex Abdullaev Harmed the Value of Plaintiff's Works, Made Illicit Profits from Exploiting Them, and Deprived Plaintiff of Revenues.**

Alex Abdullaev's display of Aylo's Works for free directly impacts Aylo's ability to sell memberships to its websites featuring those same Works. Many potential Aylo customers will choose to access and view content for free on the Websites rather than pay Aylo. *See* Baba Decl. ¶ 8.

The Websites generate substantial internet traffic. According to a website analysis overview report from SimilarWeb, for the month ending in March 2025, a handful of the Websites averaged approximately 17 million monthly visitors, with United States-based visitors accounting for 14% of its visitors. *See* FAC ¶ 24 & Exs. C–F; Tucker Decl. ¶¶ 18.

And that traffic has deprived Aylo of substantial revenues. The least expensive paid membership for Aylo is $10.16 per month (billed in one yearly payment of $121.99) for access to its premium content. *See* Baba Decl. ¶ 7. Based on the more than 17 million monthly visitors to the Websites in March 2025 alone, the estimated lost revenue to Aylo, assuming each visitor represents a potential lost subscription, would amount to approximately $172,720,000 per month (17 million x $10.16).

It is impossible to calculate the exact loss resulting from a piracy operation like the PornXP Network. While not all 17 million monthly visitors would have subscribed to Aylo's paid services, the calculation reflects the value of what the PornXP Network unlawfully provided for free.

A court addressed a similar situation in *Perfect 10, Inc. v. Talisman Communs., Inc*., 2000 WL 364813 (C.D. Cal. Mar. 27, 2000). In that case, the plaintiff magazine publisher sued a website for publishing its photographs on the Internet. The court noted:

PLAINTIFF AYLO PREMIUM LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT
ALEX ABDULLAEV
Case No. 3:25-cv-05473-BHS      - 8 -

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

> While it would be difficult to quantify Perfect 10's damages resulting from the infringement, it is clear that Perfect 10 has been severely damaged. The photographs have been distributed worldwide, in a form that is easy to download and easy to copy. A virtually unlimited number of copies can be made of the copyrighted photographs, as a result of [defendant's] infringement.

*Id.,* 2000 WL 364816, at *4. The court then awarded the maximum statutory award for willful infringement ($100,000 per work at the time) for each infringed photograph.

In this case, Alex Abdullaev's infringement was for a commercial purpose. He earned money from advertising and the value of advertising on the Websites was directly related to the number of visitors to the site. *See* FAC ¶¶ 42, 67. The value of advertising is directly related to the quality and desirability of content, and Aylo's paid membership websites and videos are among the most popular in the world of adult entertainment. *See* FAC ¶¶ 1, 67; Baba Decl. ¶ 3.

Alex Abdullaev's websites reached millions of potential consumers. Because every user accesses Aylo's copyrighted content for free, the PornXP Network harms Aylo by depriving Aylo of revenues for its content and by reducing the number of people willing to pay to access it. Alex Abdullaev's actions have caused immeasurable future damage by conditioning potential consumers to expect to access Aylo's content for free, impeding Aylo from earning money from that content. *See* Baba Decl. ¶¶ 8–9.

Statutory damages serve both compensatory and punitive purposes, and are appropriate even without evidence of actual damages suffered by plaintiff or profits realized by defendants to effectuate the statutory policy of discouraging infringement. *Los Angeles News Serv. v. Reuters Television Int'l, Ltd,* 149 F.3d 987, 996 (9th Cir. 1998). Federal court decisions have recognized the high economic value of erotic material. *See Perfect 10, Inc.*, 2000 WL 364813, at *4 (awarding $100,000, the then maximum, per adult photograph); *Playboy v. Webbworld,* 968 F.Supp. 1171, 1176 (E.D. Tex. 1997) (awarding $5,000 per erotic photo).

PLAINTIFF AYLO PREMIUM LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT
ALEX ABDULLAEV
Case No. 3:25-cv-05473-BHS          - 9

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

**C.  The Facts and Law Support a Substantial Statutory Damages Award.**

Alex Abdullaev's misconduct supports a substantial statutory damages award. Alex Abdullaev's infringements were willful. He knew that his conduct was unlawful and acted without the slightest pretense of justification. He uploaded Aylo's copyrighted works onto the Websites and concealed his identity to try to avoid liability. Plaintiff also made Alex Abdullaev aware that his conduct was infringing through over 680,000 thousand DMCA takedown notices requesting the removal of its Works from the Websites, all of which Alex Abdullaev ignored. *See* FAC ¶¶ 52–55.

The circumstances show that Alex Abdullaev's objective was to exploit Plaintiff's content for financial gain. And Alex Abdullaev's illegal conduct was not a momentary lapse, but was instead a sustained commercial enterprise. A large damages award is appropriate here to deter others from the temptation to engage in the same misconduct. "Statutory damages serve not only compensatory, but also deterrent and punitive purposes." *Gold Value Int'l Textile, Inc. v. Corinne Boutique*, 2024 WL 4404074, at *7 (C.D. Cal. Aug. 29, 2024); *see also Nintendo of Am., Inc. v. Dragon Pac. Int'l.*, 40 F.3d 1007, 1011 (9th Cir. 1994) (explaining that "statutory damages" have "punitive and deterrent purposes").

Alex Abdullaev willfully infringed Plaintiff's Works at least 2,040 times: Plaintiff identified 2,040 of its copyrighted registered works being displayed across 71,400 infringing URLs on the Websites. The sheer volume of infringements demonstrates Alex Abdullaev's deliberate and willful disregard for copyright law, as well as his ongoing operation of a business that operates by monetizing copyright infringement.

On a motion for default judgment, a district court in 2004 awarded the maximum statutory award of $150,000 each for infringement of *The Last Samurai* and *Mystic River* when a member of the Academy of Motion Picture Arts and Sciences who had been provided with a screener copy of the movies allowed the movies to be duplicated and distributed via the Internet. *Warner Bros. Entm't, Inc. v. Caridi*, 346 F.Supp.2d 1068 (C.D. Cal. 2004). Similarly, in an earlier decision, the

PLAINTIFF AYLO PREMIUM LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT
ALEX ABDULLAEV
Case No. 3:25-cv-05473-BHS            - 10 -

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

Ninth Circuit affirmed an award of approximately $72,000 per infringement of several television episodes. *Columbia Pictures Indus. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186 (9th Cir. 2001), cert denied, 534 U.S. 1127 (2002).

Adult content has well-established popularity and economic value. Several federal court decisions have recognized the economic value of erotic material. And where infringement was found to be willful, a court awarded $100,000 (the then maximum award) per infringed adult photograph. *Perfect 10, Inc.,* 2000 WL 364813, at *4.

Statutory damages serve both compensatory and punitive purposes, and so may be appropriate "whether or not there is adequate evidence of the actual damages suffered by plaintiff or of the profits reaped by defendant" to effectuate the statutory policy of discouraging infringement. *Los Angeles News Serv. v. Reuters Television Int'l, Ltd.,* 149 F.3d 987, 996 (9th Cir. 1998) (citation omitted).

### D. The Court Should Award $15,000 of Statutory Damages per Work Infringed for Alex Abdullaev's Willful Infringement.

"In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). Here, Alex Abdullaev knew or should have known that his acts constituted copyright infringement. He knew that he did not have Plaintiff's permission to reproduce and distribute Aylo's works for his own commercial gain and could only remain unaware of the infringing nature of his actions by engaging in willful blindness. Alex Abdullaev was well informed because Aylo sent over 680,000 takedown notices informing Alex Abdullaev of the infringements. *See* Tucker Decl. ¶ 14.

The "statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct." *F.W. Woolworth Co. v. Contemporary Arts, Inc.,* 344 U.S. 228, 233 (1952). It is appropriate that the Court use this opportunity to deter to would-be infringers with the message that "infringers should

PLAINTIFF AYLO PREMIUM LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT
ALEX ABDULLAEV
Case No. 3:25-cv-05473-BHS        - 11 -

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

not be free to 'sneer' in the face of the Copyright Act; courts must put defendants on notice that it costs less to obey the Copyright Act than to violate it." *Odnil Music Ltd. v. Katharsis LLC*, 2006 WL 2545869, at *7 (E.D. Cal. July 21, 2006) (citation omitted).

"To guide the statutory damages analysis, district courts turn to four factors used by other circuits and by district courts within this circuit … (1) the infringers' profits and the expenses they saved because of the infringement; (2) the plaintiff's lost revenues; (3) the strong public interest in ensuring the integrity of copyright laws; and (4) whether the infringer acted willfully." *Morrow v. Stay Winning Boutique LLC*, 2025 WL 653792, at *4 (E.D. Cal. Feb. 28, 2025) (citing *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1217 (W.D. Wash. 2014)).

The complaint alleges that Alex Abdullaev acted willfully. *See, e.g.,* FAC ¶¶ 70, 84. A defendant's default with respect to a complaint that pleads willfulness, as here, establishes willful copyright infringement. *See Derek Andrew, Inc. v. Poof Apparel Corp.,* 528 F.3d 696, 702 (9th Cir. 2008) (as a result of default, "all factual allegations in the complaint are deemed true, including the allegation of [defendant's] willful infringement of [plaintiff's] trademarks").

If the Court finds Alex Abdullaev engaged in willful infringement and awards the maximum statutory damages of $150,000 per work, the damages would be $306,000,000 ($150,000 x 2,040 infringements). In *MG Premium v. Thomas Zang*, case No. 3:20-cv-05134-BHS, this Court reviewed a nearly identical set of facts with a similar number of infringements. There, this Court determined that $15,000 was appropriate for each infringement. Dkt. No. 40, at 5. *See also Will Co. Ltd. v. Lee*, No. 3:20-cv-05802-BHS, Dkt. Nos. 64 & 65 (W.D. Wash. Jan. 7, 2025) (awarding $15,000 per work infringed); *MG Premium Ltd v. Kharchenko*, No. 3:21-cv-05733-BHS, Dkt. No. 28, at 5 (W.D. Wash. Nov. 7, 2022) (same).

Aylo (formerly MG Premium Ltd) asks the Court to apply the same analysis here and award $15,000 per infringement for a total of $30,600,000 ($15,000 x 2,040 infringements).

PLAINTIFF AYLO PREMIUM LTD'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ALEX ABDULLAEV
Case No. 3:25-cv-05473-BHS          - 12 -

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

1    **E.  Plaintiff is Entitled to Injunctive Relief and Attorneys' Fees.**

2        The Copyright Act provides that a district court may enter a permanent injunction "on

3    such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17

4    U.S.C. § 502(a). The decision to grant injunctive relief rests within the equitable discretion of the

5    district court. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 394 (2006). That discretion should

6    be "exercised consistent with traditional principles of equity." *Id.*

7        In determining whether to issue a permanent injunction in a copyright

8    infringement action, a district court evaluates four factors: (1) irreparable harm; (2) the

9    inadequacy of monetary damages for the infringement; (3) whether the balance of hardships

10    weighs in the copyright holder's favor; and (4) whether the public interest would be served by

11    a permanent injunction. *Id.* at 391; *see also Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654

12    F.3d 989, 999 (9th Cir. 2011) (applying *eBay*'s four-factor test). Further, a permanent

13    injunction should issue when the intervention of the court in equity is essential to protect a party's

14    rights against injuries that could not otherwise be remedied. *See Weinberger v. Romero-Barcelo*,

15    456 U.S. 305, 312 (1982).

16        Here, all factors favor injunctive relief against Alex Abdullaev.

17        **1.  Irreparable Harm**

18        The first factor in a permanent injunction analysis is that the plaintiff has suffered an

19    irreparable injury because of a defendant's conduct *or* will suffer an irreparable injury without an

20    injunction. *See Am. Trucking Ass'ns. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

21    "Injunctive relief is routinely awarded in copyright infringement cases where a plaintiff has

22    demonstrated that a defendant has violated the plaintiff's protectable copyrights and is likely to

23    infringe them in the future." *Tolkien Tr. v. Polychron*, 2023 WL 9471264, at *8 (C.D. Cal. Dec.

24    14, 2023) (quotation marks and citation omitted). "[C]ontinued infringement after notice …

25    supports a finding of irreparable harm." *Fashioncraft-Excello, LLC v. BG Wholesale Inc.*, 2024

26    WL 648680, at *4 (C.D. Cal. Jan. 4, 2024). Further, "[e]vidence of loss of control over business

PLAINTIFF AYLO PREMIUM LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT
ALEX ABDULLAEV
Case No. 3:25-cv-05473-BHS         - 13

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

1  reputation and damage to goodwill could constitute irreparable harm." *Herb Reed Enters., LLC*

2  *v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013).

3        The circumstances here show that without an injunction, Alex Abdullaev is likely to

4  continue infringing Plaintiff's works. Alex Abdullaev created active websites that generate

5  substantial website traffic and revenue by exploiting Plaintiff's works. His failure to respond to

6  the complaint and failure to respond to Plaintiff's DMCA takedown notices highlights that he

7  does not take the unlawfulness of his conduct seriously and intends to continue infringing.

8  *See Jackson v. Sturkie*, 255 F.Supp.2d 1096, 1103 (N.D. Cal. 2003) (granting permanent

9  injunction in a copyright infringement action as part of a default judgment because "defendant's

10  lack of participation in this litigation has given the court no assurance that defendant's infringing

11  activity will cease."); *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1178 (C.D. Cal.

12  2002) (granting permanent injunction as part of a default judgment because "in the absence of

13  opposition by the non-appearing defendant, it cannot be said that it is 'absolutely clear' that

14  Defendant's allegedly wrongful behavior has ceased and will not begin again."). Thus, without

15  an injunction, Plaintiff's copyrighted works will remain vulnerable to infringement. In fact, the

16  Websites are still active and operating just as they did when this case was filed.

17        Alex Abdullaev's conduct also threatens Aylo's goodwill. Aylo charges its customers a

18  fee to view full-length videos. When those videos appear on the Websites, it harms Aylo's

19  relationship with subscribers. Subscribers will terminate subscriptions to view the content for free

20  and Aylo will develop a reputation for selling full-length content that is available for free

21  elsewhere. *See* Baba Decl. ¶¶ 8–9.

22        For these reasons, Plaintiff has shown irreparable harm.

23        **2.  Monetary Damages are Inadequate.**

24        A plaintiff seeking a permanent injunction must establish that monetary damages alone

25  are inadequate to fully compensate it for the defendant's conduct. *See eBay*, 547 U.S. at 391.

26

PLAINTIFF AYLO PREMIUM LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT
ALEX ABDULLAEV
Case No. 3:25-cv-05473-BHS          - 14 -

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

1   Lost market share and erosion of company goodwill are intangible injuries difficult to

2   quantify and compensate that support the issuance of a permanent injunction. *See Apple Inc. v.*

3   *Psystar Corp.*, 658 F.3d 1150, 1154 (9th Cir. 2011) (injuries to a business's reputation and

4   company goodwill are intangible injuries difficult to quantify and compensate).

5   Further, difficulty in quantifying damages supports a finding that monetary damages alone

6   are insufficient to fairly and fully compensate for copyright infringement. *See Oracle USA, Inc.*

7   *v. Rimini St., Inc.*, 324 F.Supp.3d 1157, 1165 (D. Nev. 2018), aff'd in part, vacated in part,

8   remanded, 783 F. App'x 707 (9th Cir. 2019). Thus, actual damages here are especially difficult

9   to quantify.

10   Finally, many courts have found that a copyright owner's right to exclude others from

11   distributing their copyrighted work is difficult to compensate solely through monetary

12   compensation. *See Oracle,* 324 F.Supp. at 1166. One of the most fundamental rights a copyright

13   holder has is the right to exclude others from taking and distributing the copyrighted work and

14   this right has routinely been held difficult to compensate solely through monetary compensation.

15   *See eBay*, 547 U.S. at 395 (Roberts, C.J. concurring) (identifying and explaining the difficulty of

16   protecting a right to exclude through monetary remedies alone).

17   Further, there is no reason to believe that Abdullaev will pay a monetary judgment

18   assessed against him. He has ignored all aspects of this case. While the Websites are expressly

19   aimed at the United States, Abdullaev lives outside the United States and conceals his location.

20   Thus, it is likely that Plaintiff will be unable to collect any judgment against him. The inability to

21   collect on a monetary judgment supports a finding of irreparable harm. *Metro-Goldwyn-Mayer*

22   *Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1219–20 (C.D. Cal. 2007) ("Damages are

23   no remedy at all if they cannot be collected, and most courts sensibly conclude that a damage

24   judgment against an insolvent defendant is an inadequate remedy.") (internal quotation marks

25   omitted)).

26

PLAINTIFF AYLO PREMIUM LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT
ALEX ABDULLAEV
Case No. 3:25-cv-05473-BHS       - 15 -

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

### 3.    The Balance of Hardships and Public Interest Favor an Injunction.

A court must weigh and balance the competing effect that granting or withholding an injunction would have on each party. *See Oracle*, 324 F.Supp.3d at 1166, *citing Williams v. Bridgeport Music, Inc.*, 2015 WL 4479500, at *41 (C.D. Cal. July 4, 2015). The balance of hardships tips in favor of a holder of a copyright seeking to protect its copyrighted works when the party to be enjoined does not have a separate legitimate business purpose for continuing the conduct or acts deemed to be infringement. *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F.Supp.2d 1197, 1220 (C.D. Cal. 2007).

A permanent injunction serves the public interest where it protects copyright holders against further infringement. *See Perfect 10 v. Google, Inc.*, 416 F.Supp.2d 828, 859 (C.D. Cal. 2006) ("the public interest is also served when the rights of copyright holders are protected against acts likely constituting infringement"), overruled on other grounds, *Perfect 10 v. Amazon.com, Inc.*, 487 F.3d 701 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F.Supp.2d 1197, 1222 (C.D. Cal. 2007) ("the public interest will be served with a permanent injunction, since it will protect Plaintiffs' copyrights against increased infringement"). Thus, the public interest favors entering an injunction to prevent future infringement.

### 4.    The Court Should Order Registries and Registrars to Transfer to Aylo the Domains Used by Alex Abdullaev for Infringement.

Alex Abdullaev used the Websites to display 2,040 of Aylo's copyrighted full-length videos. The following companies are registrars for the corresponding Websites:

| Registrar | Websites |
|---|---|
| NameSilo, LLC | pornxp.cc, pornxp.lol, pornxp.net, pornxp.top, and pornxp.watch |
| Netim SRL | pornxp.si |
| Porkbun, LLC | pornxp.click, pornxp.club, pornxp.download, pornxp.lat, pornxp.one, pornxp.pics, pornxp.quest, pornxp.space, pornxp.tube, |

PLAINTIFF AYLO PREMIUM LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT
ALEX ABDULLAEV
Case No. 3:25-cv-05473-BHS          - 16 -

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

| | pornxp.video, pornxp.website, and pornxp.xyz |
|---|---|
| Spaceship, Inc. | pornxp.buzz, pornxp.cam, pornxp.cfd, pornxp.life, pornxp.live, pornxp.network, pornxp.pro, pornxp.sbs, pornxp.site, and pornxp.stream |

Tucker Decl. ¶¶ 26–29, 42.

Note that one of the domains above, pornxp.si, is not one of the Websites identified in the FAC. Instead, a separate investigation shows that it is effectively a "mirror" of one of the Websites, pornxp.tv and is controlled by the same people as the Websites. Tucker Decl. ¶¶ 37–41.

And the following companies provide the registry services for the top-level domains that include the following Websites:

| Registry | Website |
|---|---|
| ARUBA PEC S.p.A. | pornxp.cloud |
| doMEn d.o.o. | pornxp.me |
| European Registry for Internet Domains vzw (EURid) | pornxp.eu |
| GoDaddy Operating Company, LLC | pornxp.tv |
| Identity Digital, Inc. | pornxp.info |
| Public Interest Registry | pornxp.org |
| Radix Technologies Inc. | pornxp.online |
| VeriSign, Inc. | pornxp.com |

Tucker Decl. ¶¶ 30–36.

Transferring the domains for the Websites to Aylo would stop Alex Abdullaev from distributing infringing content to the public in violation of Aylo's rights.

PLAINTIFF AYLO PREMIUM LTD'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ALEX ABDULLAEV
Case No. 3:25-cv-05473-BHS        - 17 -

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

Thus, the Court should instruct the registries above to disable and transfer the domains above to Aylo Premium Ltd. The procedure for awarding this relief would be an order instructing those registries to change the registrar for the domain names to EuroDNS, and instruct EuroDNS to change the registrant of the domain names to Aylo Premium Ltd.

The Court should also instruct the registrars above to disable and transfer the domains above to Aylo Premium Ltd. The procedure for awarding this relief would be an order instructing those registrars to change the registrant of the domain names to Aylo Premium Ltd.

This court has granted the same relief in other copyright infringement cases. *See, e.g.*, *Aylo Premium Ltd v. Gonzalez*, No. 3:24-cv-5690-BHS, Dkt. Nos. 27 & 28 (W.D. Wash. May 12, 2025); *Will Co. Ltd. v. Lee*, No. 3:20-cv-05802-BHS, Dkt. Nos. 64 & 65 (W.D. Wash. Jan. 7, 2025); *MG Premium Ltd v. Kharchenko*, No. 3:21-cv-05733-BHS, Dkt. No. 28 (W.D. Wash. Nov. 7, 2022).

### 5. Attorney's Fees

Aylo also requests an award of attorney's fees in the amount of $20,680 and $755 in costs. *See* Declaration of Ethan Jacobs ("Jacobs Decl.") ¶¶ 2–5 (attorney's fees), ¶¶ 6–7 (costs). The Court "in its discretion may allow the recovery of full costs by or against any party," and "may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Courts making attorneys' fee determinations under the Copyright Act consider several factors, including "(1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) objective unreasonableness (legal and factual), and (5) the need to advance considerations of compensation and deterrence." *Smith v. Jackson*, 84 F.3d 1213, 1221 (9th Cir. 1996) (citation omitted), *overruled on other grounds* by *Skidmore as Tr. For Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020).

A separate analysis is used to determine the appropriate amount of an attorney's fee award:

Courts determine the amount of a fee award by determining a "lodestar figure," which is obtained by multiplying the number of hours reasonably expended on a matter by a reasonable hourly rate. *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614,

PLAINTIFF AYLO PREMIUM LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT
ALEX ABDULLAEV
Case No. 3:25-cv-05473-BHS        - 18

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

622 (9th Cir. 1993). Courts may then adjust the lodestar with reference to factors
set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975),
to the extent those factors are not already subsumed in counsel's hourly rates or the
number of hours expended on the litigation. The relevant *Kerr* factors here are: (1)
the time and labor required; (2) the novelty and difficulty of the questions; and (3)
the skill requisite to perform the legal services properly.

*UN4 Prods., Inc. v. Primozich*, 372 F.Supp.3d 1129, 1136 (W.D. Wash. 2019). If the Court grants

the relief sought by this motion, Plaintiff will have achieved complete success. Alex Abdullaev

did not appear to defend the reasonableness of his conduct, and the facts show bad faith

motivation through his use of websites to infringe Plaintiff's copyrighted works on a vast scale.

For the same reason, an award of attorney's fees is merited here to deter willful infringers.

Plaintiff has provided the information for the lodestar figure and to substantiate the

reasonableness of its attorneys' hourly rates. *See* Jacobs Decl. ¶¶ 2–5. For all these reasons, an

award of $21,435 in costs and attorney's fees is reasonable here.

## IV.    Conclusion

For the reasons shown above, and based on the supporting evidence, Plaintiff requests

that a default judgment be entered against Alex Abdullaev as follows:

    a.    The sum of $30,600,000 in statutory damages on the cause of action for

Copyright Infringement, and

    b.    Awarding Plaintiff attorney's fees of $21,435 and costs of suit for a total

of $30,621,435.

    c.    Permanent injunctive relief enjoining Alex Abdullaev and his respective

agents, servants, and employees, and any other persons or entities acting on his behalf from

infringing on any of Plaintiff's copyrighted works.

    d.    Instruct the respective registry operators and current registrars of record

for the domain names pornxp.buzz, pornxp.cam, pornxp.cc, pornxp.cfd, pornxp.click,

PLAINTIFF AYLO PREMIUM LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT
ALEX ABDULLAEV
Case No. 3:25-cv-05473-BHS        - 19 -

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

pornxp.cloud, pornxp.club, pornxp.com, pornxp.download, pornxp.eu, pornxp.info, pornxp.lat, pornxp.life, pornxp.live, pornxp.lol, pornxp.me, pornxp.net, pornxp.network, pornxp.one, pornxp.online, pornxp.org, pornxp.pics, pornxp.pro, pornxp.quest, pornxp.sbs, pornxp.si, pornxp.space, pornxp.site, pornxp.stream, pornxp.top, pornxp.tube, pornxp.tv, pornxp.video, pornxp.watch, pornxp.website, and pornxp.xyz, to disable those domains and change the registrar of record for each domain to EuroDNS S.A. Upon becoming registrar of record, EuroDNS S.A. shall set the registrant, administrative, and technical contacts for each domain to Aylo Premium Ltd.

    f.  Such other relief as the Court deems just and proper.

   RESPECTFULLY SUBMITTED this 21st day of November 2025.

   *This brief contains 5,780 words in complaint with LCR 7(e)(3).*

        **ETHAN JACOBS LAW CORPORATION**

        By /s/ Ethan Jacobs

        Ethan Jacobs (admitted *pro hac vice*)
        100 Pine Street, Suite 1250
        San Francisco, CA 94111
        415-275-0845
        ethan@ejacobslaw.com


        **FREEMAN LAW FIRM, INC.**

        By /s/ Spencer D. Freeman
        Spencer D. Freeman, WSBA#25069
        1107 ½ Tacoma Avenue South
        Tacoma, WA 98402
        Telephone: (253) 383-4500
        Facsimile: (253) 383-4501
        Email: sfreeman@freemanlawfirm.org

        *Counsel for Plaintiff Aylo Premium Ltd*

PLAINTIFF AYLO PREMIUM LTD'S MOTION FOR
DEFAULT JUDGMENT AGAINST DEFENDANT
ALEX ABDULLAEV
Case No. 3:25-cv-05473-BHS  - 20    ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845