UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AYLO PREMIUM LTD, a limited liability company organized under the laws of the Republic of Cyprus,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JOHN DOES 1–20, et al.,<br><br>　　　　　Defendants. | CASE NO. 25-CV-5473-BHS<br><br>ORDER |

THIS MATTER is before the Court on Plaintiff Aylo Premium Ltd's motion for default judgment against defendant Alex Abdullaev. Dkt. 20.

Aylo asserts copyright infringement claims against Abdullaev and John Does 1–20. Dkt. 10. It claims Abdullaev owns and operates several websites that pirate Aylo's copyrighted adult entertainment videos. *Id.* Abdullaev did not answer. Dkt. 17.

Aylo now moves for default judgment against Abdullaev. Dkt. 20. It alleges Abdullev displayed 2,040 of its copyrighted works at 71,400 URLs, and "seeks only $15,000 in statutory damages per work infringed." *Id.* at 5. It argues Abdullaev's conduct was willful, and asks the Court to award $30,600,000 in total to "deter would-be

ORDER - 1

infringers." *Id.* at 11–12. Aylo estimates it has lost over $172 million per month in revenue, though it admits it is "impossible to calculate the exact loss resulting from [this] piracy operation" because not all 17 million monthly visitors to Abdullaev's websites would have subscribed to Aylo's paid services." *Id.* at 8.

"In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). The Court has wide discretion in determining the amount of statutory damages to be awarded within the ranges provided by 17 U.S.C. § 504(c)(1)–(2). *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984). It must do what is just in the particular case, "considering the nature of the copyright, the circumstances of the infringement and the like . . . but with the express qualification that in every case the assessment must be within the prescribed [statutory range]. Within these limitations the court's *discretion and sense of justice* are controlling." *F.W. Woolworth Co. v. Contemp. Arts, Inc.*, 344 U.S. 228, 232 (1952) (emphasis added). "Statutory damages are particularly appropriate in a case . . . in which [a] defendant has failed to mount any defense or to participate in discovery." *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003). Further, "[b]ecause awards of statutory damages serve both compensatory and punitive purposes, a plaintiff may recover statutory damages 'whether or not there is adequate evidence of the actual damages suffered by plaintiff or of the profits reaped by defendant." *L.A. News Serv. v. Reuters Television Int'l., Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998) (quoting *Harris,* 734 F.2d at 1335); *see also Getty Images*

*(U.S.), Inc. v. Virtual Clinics*, No C13-0626 JLR, 2014 WL 1116775 (W.D. Wash. Mar. 20, 2014).

Aylo has demonstrated Abdullaev willfully infringed its copyrighted works and a statutory damages award is warranted and required. However, the Court in its discretion declines to award Aylo the $30.6 million it requests. Aylo concedes its exact revenue loss is "impossible to calculate." Dkt. 20 at 8. The Court finds that only a fraction of the visitors would have paid for Aylo's services. In its discretion and in the interests of justice, the Court will award **$5,000** for each of the **2,040** offending works, totaling **$10,200,000.**

Aylo also seeks permanent injunctive relief under 17 U.S.C. § 502(a). *Id.* at 13. The Court may grant a permanent injunction where the plaintiff demonstrates that (1) "it has suffered an irreparable injury;" (2) "remedies available at law, such as monetary damages, are inadequate to compensate for that injury;" (3) "considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted;" and (4) "the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The Court does so in the exercise of its equitable discretion. *Id*.

Aylo has demonstrated each of the elements required for a permanent injunction. It has demonstrated that the copyrighted videos hosted on Abdullaev's websites have a significant viewer base, resulting in Aylo losing market share. Dkt. 20 at 8. It is also apparent monetary damages will not be adequate to prevent future infringement because Aylo may not be able to collect the default judgment from Abdullaev. *Id.* at 14. The

balance of hardships in the absence of injunctive relief tilts towards Aylo, and public interest is served by granting injunctive relief. *See Apple Comput., Inc. v. Franklin Comput. Corp.*, 714 F.2d 1240, 1255 (3d Cir. 1983) ("[I]t is virtually axiomatic that the public interest can only be served by upholding copyright protections and, correspondingly, preventing the misappropriation of the skills, creative energies, and resources which are invested in the protected work."). In short, Aylo is entitled to a permanent injunction precluding Abdullaev from infringing on its copyrighted works.

Next, Aylo requests the Court to order the registries that host Abdullaev's websites to disable and transfer the domains to Aylo. Dkt. 20 at 16–18 (citing, *inter alia*, *Will Co. Ltd. v. Lee*, No. 3:20-cv-05802-BHS (W.D. Wash. 2025)). The Court agrees and ORDERS the registries to DISABLE and TRANSFER the domain names to Aylo as indicated in Aylo's motion, Dkt. 20 at 16–18.

Finally, Aylo Premium seeks $20,680 in attorneys' fees and $755 in costs. *Id.* at 18. These fees and costs appear reasonable in light of the stakes and the effort reflected in the record, and the Court ORDERS such an award of fees and costs under 17 U.S.C. § 505.

The Clerk shall enter a JUDGMENT consistent with this Order and close the case.

Dated this 18th day of December, 2025.

_____
BENJAMIN H. SETTLE
United States District Judge