UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| AYLO PREMIUM LTD, a limited liability company organized under the laws of the Republic of Cyprus,<br><br>Plaintiff,<br><br>v.<br><br>ALEX ABDULLAEV AND JOHN DOES 1 - 20 D/B/A, PORNXP.COM, PORNXP.NET, PORNXP.CC, PORNXP.ORG, PORNXP.CLOUD, PORNXP.EU, PORNXP.CLICK, PORNXP.PICS, PORNXP.QUEST, PORNXP.BUZZ, PORNXP.CFD, PORNXP.NETWORK, PORNXP.PRO, PORNXP.LIFE, PORNXP.SBS, PORNXP.STREAM, PORNXP.ME, PORNXP.CLUB, PORNXP.ONE, PORNXP.SPACE, PORNXP.TV, PORNXP.CAM, PORNXP.LIVE, PORNXP.TUBE, PORNXP.TOP, PORNXP.WATCH, PORNXP.DOWNLOAD, PORNXP.LOL, PORNXP.LAT, PORNXP.WEBSITE, PORNXP.SITE, PORNXP.ONLINE, PORNXP.VIDEO, PORNXP.XYZ, AND PORNXP.INFO.<br><br>Defendants. | Case No.:  3:25-cv-05473-BHS<br><br>**PLAINTIFF AYLO PREMIUM LTD'S _EX PARTE_ MOTION TO RE-OPEN CASE AND ENTER FINDING OF CONTEMPT AND IMPOSE SANCTIONS PURSUANT TO FED. R. CIV. P. 70(e) OR IN THE ALTERNATIVE ISSUE AN ORDER TO SHOW CAUSE**<br><br>NOTE ON MOTION CALENDAR:<br>**February 20, 2026** |

PLAINTIFF AYLO PREMIUM LTD'S _EX PARTE_ MOTION TO RE-OPEN CASE, ENTER CONTEMPT AND IMPOSE SANCTIONS OR ISSUE AN ORDER TO SHOW CAUSE [3:25-cv-05473-BHS] - 1

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

Plaintiff Aylo Premium Ltd. ("Plaintiff" or "Aylo"), hereby files this motion under Fed. R. Civ. P. 70(e) and requests the Court reopen the case for purposes of finding Defendant Alex Abdullaev in contempt of this Court's December 18, 2025 order granting default judgment and imposing a permanent injunction (Dkt. 25) and this Court's January 12, 2026 amendment to that order (Dkt. 30) and impose sanctions or, in the alternative, issue an order to show cause as to why the Court should not hold a contempt hearing.

## I.    INTRODUCTION

Defendant Alex Abdullaev owned and/or operated a coordinated network of piracy websites unified under the "PornXP" brand (previously including websites at the domains pornxp.com, pornxp.net, pornxp.cc, pornxp.org, pornxp.cloud, pornxp.eu, pornxp.click, pornxp.pics, pornxp.quest, pornxp.buzz, pornxp.cfd, pornxp.network, pornxp.pro, pornxp.life, pornxp.sbs, pornxp.stream, pornxp.me, pornxp.club, pornxp.one, pornxp.space, pornxp.tv, pornxp.cam, pornxp.live, pornxp.tube, pornxp.top, pornxp.watch, pornxp.download, pornxp.lol, pornxp.lat, pornxp.website, pornxp.site, pornxp.online, pornxp.video, pornxp.xyz, pornxp.info, and pornxp.si) (together, "PornXP").

As a result of extensive piracy of Plaintiff's copyrighted works on PornXP, this Court entered a permanent injunction ordering that the PornXP domains be transferred to Aylo and ordering Abdullaev to refrain from infringing Aylo's copyrighted works. Dkt. 25, at 4.

Shortly after the December 18, 2025 final judgment, Abdullaev resumed the same conduct through a set of sixty-eight mirror websites at new domains (the "PornXP Mirror Sites"), which replicate the Porn XP websites' hosting location, branding, codebase, and content and continue to display Plaintiff's copyrighted works.

The "PornXP Mirror Sites" domain names are pornxp.io, 1xp1.com, cfdxp.com, com-backup.com, cumxp.com, euporno.com, ornxp.com, pooornxp.com, poornxp.com, pornxp.ac, porn-xp.ac, porn-xp.cc, pornxp.co, porn-xp.com, porn-x-p.com, porn--xp.com, pornxp.com-mirror.com, pornxp.do, porn-xp.eu, pornxp.fi, pornxp.fo, pornxp.gd, pornxp.gl, pornxp.gy,

PLAINTIFF AYLO PREMIUM LTD'S *EX PARTE*
MOTION TO RE-OPEN CASE, ENTER CONTEMPT
AND IMPOSE SANCTIONS OR ISSUE AN ORDER TO
SHOW CAUSE [3:25-cv-05473-BHS] - 2

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

pornxp.hn, pornxp.la, pornxp.lc, porn-xp.me, porn-xp.net, pornxp.nl, porn-xp.org, pornxp.pe, pornxp.ph, pornxp.sk, porn-xp.tv, pornxp.tw, pornxp1.com, pornxp2.com, pornxponline.com, pornxpsite.com, pornxpvideo.com, pornxpxx.com, pornxpxxx.com, pornxxp.com, pornxxxp.com, pornxxxxp.com, poxp.eu, pppxp.com, pppxp.net, prnxp.com, pxopx.com, pxoxp.com, pxp1 .net, pxp2.net, pxp3.net, pxp4.com, pxp5.com, pxp6.com, pxp9.com, vidhc.com, xpoxp.com, xpporn.com, xp-porn.com, xpporn.net, xpporno.com, xpprn.com, xpxp.eu, and xpxyz.com. Declaration of Jason Tucker ("Tucker Decl."), ¶ 15.

Forty of Aylo's registered works that were infringed on the original PornXP sites and formed the basis for the permanent injunction are also displayed on the PornXP Mirror Sites. The Mirror Sites also display an additional 94 Aylo-registered works. In total, the PornXP Mirror Sites include at least 9,113 links to 134 Aylo's registered works. Tucker Decl. ¶ 17 & Ex. A.

Aylo is left with no choice but to move for a finding of contempt of court.

## II. FACTS

**A. Abdullaev's Violation of the Court's Order Using the PornXP Mirror Sites.**

Plaintiff Aylo Premium Ltd. initiated this action on May 29, 2025, seeking damages and injunctive relief for claims of copyright infringement. *See* Dkt. 1. The complaint alleged that the Defendants operated the PornXP websites pornxp.com, pornxp.net, pornxp.cc, pornxp.org, pornxp.cloud, pornxp.eu, pornxp.click, pornxp.pics, pornxp.quest, pornxp.buzz, pornxp.cfd, pornxp.network, pornxp.pro, pornxp.life, pornxp.sbs, pornxp.stream, pornxp.me, pornxp.club, pornxp.one, pornxp.space, pornxp.tv, pornxp.cam, pornxp.live, pornxp.tube, pornxp.top, pornxp.watch, pornxp.download, pornxp.lol, pornxp.lat, pornxp.website, pornxp.site, pornxp.online, pornxp.video, pornxp.xyz, and pornxp.info (together "PornXP"). Further, Aylo alleged that Defendants infringed 2,040 of Aylo's registered works by unlawfully displaying the works on 71,400 individual PornXP web pages. *See* Dkt. 1, ¶ 8.

PLAINTIFF AYLO PREMIUM LTD'S *EX PARTE* MOTION TO RE-OPEN CASE, ENTER CONTEMPT AND IMPOSE SANCTIONS OR ISSUE AN ORDER TO SHOW CAUSE [3:25-cv-05473-BHS] - 3

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

Early discovery showed that the owner/operator of the PornXP Network is Alex Abdullaev, who was added as a named defendant. *See* Dkt. 10. Following proper service of the First Amended Complaint, Abdullaev failed to answer the complaint or otherwise defend this action. As a result, default was entered against him on October 28, 2025. *See* Dkt. 19.

On December 18, 2025, the Court entered an order granting default judgment and imposing a permanent injunction. *See* Dkt. No. 26. And on January 12, 2026, the court amended that order. *See* Dkt. 30. In its orders, the Court specifically enjoined Abdullaev from further use of any of Aylo's copyrighted works. Dkt. 25, at 4. The Court further ordered the registrars and registries for the PornXP websites to disable the domain names, change the registrars or record to EuroDNS, and instruct EuroDNS to change the registrant for those domain names to Aylo Premium Ltd.: NameSilo, LLC; Netim SRL; Porkbun, LLC; Spaceship, Inc.; ARUBA PEC S.p.A.; doMEn d.o.o.; European Registry for Internet Domains vzw (EURid); GoDaddy Operating Company, LLC; Identity Digital, Inc.; Public Interest Registry; Radix Technologies Inc. and Verisign, Inc. *See* Dkt. 30.

Unfortunately, the Court's orders have not dissuaded Abdullaev from widespread infringement. While Abdullaev never appeared in this action, he appears to have been watching it closely. At the time of this filing, other than EURid, all registrars and registries complied with this Court's Order and all but one domain has been transferred to Aylo. Tucker Decl., ¶ 12. And the .eu domain has been disabled. *Id.*

Abdullaev immediately began to circumvent the Court's orders. As the PornXP websites went offline, Abdullaev established a new network of sixty-eight domain names that all mirror each other. The domains of PornXP Mirror Sites are listed above on pages 2–3.

A "mirror site" is a website that presents the same content, layout, and functionality as another website at a different domain name. Tucker Decl., ¶16. Mirror sites display the same pages, uses the same source code, and delivers the same images and videos from the same servers. *Id.* They are commonly used to maintain continuous public access to the same content when an

PLAINTIFF AYLO PREMIUM LTD'S *EX PARTE* MOTION TO RE-OPEN CASE, ENTER CONTEMPT AND IMPOSE SANCTIONS OR ISSUE AN ORDER TO SHOW CAUSE [3:25-cv-05473-BHS] - 4

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

original site is blocked, transferred, or taken offline, and they function as alternate entry points to the same underlying system. *Id.*

Forty of Aylo Premium's registered works that were infringed on the original PornXP sites and formed the basis for the permanent injunction are also displayed on domains in the PornXP Mirror Sites. Tucker Decl., ¶ 17. The PornXP Mirror Sites also display an additional ninety-four of Plaintiff's registered works. In total, the PornXP Mirror Sites display 9,113 links to 134 of Aylo's registered works. Tucker Decl., ¶ 17 & Ex. A.

The similarities between the PornXP websites and PornXP Mirror Sites make it plain that the PornXP Mirror sites are in fact mirror sites of the PornXP websites under common control. The most obvious indicator is that the PornXP Mirror Sites state that they are affiliated with PornXP. At the top of the PornXP Mirror Sites is a banner that reads:



That is, each of the PornXP Mirror Sites instructs its viewers that if that mirror site goes offline, the visitor can go to PornXP.hn to find a new mirror site. Tucker Decl., ¶ 19.

Each of the PornXP Mirror Sites displays the same PornXP header art and logo and identifies the "New Backup Domain" banner steering users to pornxp.hn:

As shown in the image above, the new logo shows PornXP with ".net" and ".org" beside it, indicating that the PornXP Mirror Sites are connected to the PornXP sites that were taken down in compliance with the Court's order. Tucker Decl., ¶ 20.

PLAINTIFF AYLO PREMIUM LTD'S *EX PARTE*
MOTION TO RE-OPEN CASE, ENTER CONTEMPT
AND IMPOSE SANCTIONS OR ISSUE AN ORDER TO
SHOW CAUSE [3:25-cv-05473-BHS] - 5

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

The transition to new domains as a result of this Court's order shutting down the PornXP websites was discussed in chat rooms, on social platforms, and on PornXP sites before transfer was complete. Tucker Decl., ¶ 21 & Ex. B.

Another strong indicator is the hosting location of the PornXP Mirror Sites. An IP address is the numerical address assigned to an internet-connected server, and when a user visits a website, the domain name is translated into an IP address so the user's browser can reach the server hosting the site. Tucker Decl., ¶ 22. Thus, an IP address identifies the physical or virtual server where a website is hosted; multiple domains resolving to the same IP means they are being served from the same backend infrastructure under common control. *Id.*

Before the Court directed the transfer of the PornXP websites' domains, several of those domains resolved to the IP address 45.143.222.234. Tucker Decl., ¶ 24. Within a week of the Court's December 18, 2025 order, the PornXP Mirror Sites resolved to that same IP address. *Id.* & Tucker Decl. Ex. C.

The fact that multiple PornXP Mirror Sites and the PornXP websites resolve to the same IP address means that they route traffic to the same server or server cluster. Tucker Decl., ¶ 25. That is strong evidence that the PornXP Mirror Sites operate on the same underlying hosting infrastructure as the PornXP websites. *Id.*

Further, each PornXP Mirror Site publishes the same videos using the same linking structure as on the PornXP websites. For example, Aylo owns the copyright in the video "What She Wants, She Gets" (U.S. Reg. PA0002277728). Tucker Decl., ¶ 26. That video appears on several PornXP Mirror Sites at the same path and numeric content ID as it did on the PornXP websites: videos/346719921458. Tucker Decl., ¶ 26 & Ex. D.

Also, like the PornXP websites, each of the PornXP Mirror Sites has a Terms of Service page; a page with an 18 U.S.C. § 2257 compliance disclosure; and page with DMCA takedown submission information—and all those pages include the same text, layout, and source code across the PornXP websites and PornXP Mirror Sites. Tucker Decl., ¶ 27.

PLAINTIFF AYLO PREMIUM LTD'S *EX PARTE* MOTION TO RE-OPEN CASE, ENTER CONTEMPT AND IMPOSE SANCTIONS OR ISSUE AN ORDER TO SHOW CAUSE [3:25-cv-05473-BHS] - 6

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

The PornXP Mirror Sites also use a similar naming convention as the PornXP websites. One of the PornXP websites was pornxp.com; PornXP Mirror Sites include porn-xp.com, pornxp.ac, porn-xp.ac, porn-xo.cc, pornxp.co, porn-x-p.com, porn--xp.com, pornxp.do, porn-xp.eu, pornxp.fi, pornxp.fo, pornxp.gd, pornxp.gl, pornxo.gy, pornxp.hn, pornxp.la, pornxp.lc, porn-xp.me, and porn-xp.net. Tucker Decl., ¶ 28.

The factors above show that Alex Abdullaev is rotating domain usage within the PornXP Mirror Sites to frustrate enforcement and evade detection. Tucker Decl., ¶ 29. The PornXP Mirror Sites are, from a technical backend standpoint, identical to PornXP in every way except the source URL (domain name). Tucker Decl., ¶ 30. The source code all pulls content from the same central locations: cb.pornxp.com[1] or cb.porn-xp.com for video files and ii.porn-xp.com. *Id.*

Finally, the timing of the registrations for the PornXP Mirror Sites shows that they were created to avoid the effect of the Court's December 18, 2025 order to transfer of the PornXP domains to Aylo. Dkt. 25. WHOIS records attached show that the PornXP Mirror Sites were registered beginning on December 20, 2025 and continuing through January 8, 2026. Tucker Decl. ¶¶ 30–33. The timing and coordinated nature of these registrations show that Abdullaev intentionally violated the Court's order in order to continue his mass copyright infringement.

## B. Registrars and Registries for the PornXP Mirror Sites.

Tucows Domains Inc. is the registrar for the following PornXP Mirror Sites: 1xp1.com, cfdxp.com, com-backup.com, cumxp.com, euporno.com, ornxp.com, pooornxp.com, poornxp.com, porn-xp.ac, pornxp.ac, porn-xp.cc, pornxp.co, porn-xp.com, porn-x-p.com, porn--xp.com, porn-xp.com, pornxp.com-mirror.com, pornxp.do, porn-xp.eu, pornxp.fi, pornxp.fo, pornxp.gd, pornxp.gl, pornxp.gy, pornxp.hn, pornxp.la, pornxp.lc, porn-xp.me, porn-xp.net,

---

[1] This domain was awarded and transferred to Aylo as part of the PornXP domain transfer. The mirror sites' source code continues to reference this domain and also references two additional content domains, cb.porn-xp.com and ii.porn-xp.com. When a user clicks a video, the video and related assets are retrieved from, and displayed through, these domains.

PLAINTIFF AYLO PREMIUM LTD'S *EX PARTE* MOTION TO RE-OPEN CASE, ENTER CONTEMPT AND IMPOSE SANCTIONS OR ISSUE AN ORDER TO SHOW CAUSE [3:25-cv-05473-BHS] - 7

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

pornxp.nl, porn-xp.org, pornxp.pe, pornxp.ph, pornxp.sk, porn-xp.tv, pornxp.tw, pornxp1.com, pornxp2.com, pornxponline.com, pornxpsite.com, pornxpvideo.com, pornxpxx.com, pornxpxxx.com, pornxxp.com, pornxxxp.com, pornxxxxp.com, poxp.eu, pppxp.com, pppxp.net, prnxp.com, pxopx.com, pxoxp.com, pxp1.net, pxp2.net, pxp3.net, pxp4.com, pxp5.com, pxp6.com, pxp9.com, vidhc.com, xpoxp.com, xpporn.com, xp-porn.com, xpporn.com, xpporn.net, xpporno.com, xpprn.com, xpxp.eu, and xpxyz.com. Tucker Decl., ¶ 34.

Name.com is the registrar for the PornXP Mirror Site pornxp.io. Tucker Decl., ¶ 35.

The following companies provide the registry services for the top-level domains that include PornXP Mirror Sites:

| Registry | Website |
|---|---|
| VeriSign, Inc. | 1xp1.com, com-backup.com, cumxp.com, euporno.com, ornxp.com, pooornxp.com, poornxp.com, porn-xp.com, porn-x-p.com, porn--xp.com, porn-xp.com, pornxp.com-mirror.com, pornxp.co, pornxp1.com, pornxp2.com, pornxponline.com, pornxpsite.com, pornxpvideo.com, pornxpxx.com, pornxpxxx.com, pornxxp.com, pornxxxp.com, pornxxxxp.com, pppxp.com, prnxp.com, pxopx.com, pxoxp.com, pxp4.com, pxp5.com, pxp6.com, pxp9.com, vidhc.com, xpoxp.com, xp-porn.com, xpporn.com, xpporn.net, xpporno.com, xpprn.com, xpxyz.com, pxp1.net, pxp2.net, pxp3.net, porn-xp.net |
| Public Interest Registry (PIR) | porn-xp.org |
| EURid vzw | porn-xp.eu, poxp.eu, xpxp.eu |
| doMEn d.o.o. | porn-xp.me |
| GoDaddy Operating Company, LLC | porn-xp.tv |
| Taiwan Network Information Center - TWNIC | pornxp.tw |

PLAINTIFF AYLO PREMIUM LTD'S *EX PARTE* MOTION TO RE-OPEN CASE, ENTER CONTEMPT AND IMPOSE SANCTIONS OR ISSUE AN ORDER TO SHOW CAUSE [3:25-cv-05473-BHS] - 8

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

| SIDN Meander | pornxp.nl |
|---|---|
| Team Internet Group PLC (SK-NIC, a.s.) | pornxp.sk |
| dotPH Domains Inc. | pornxp.ph |
| NIC.PE (Red Cientifica Peruana) | pornxp.pe |
| NIC.LA / CentralNic Ltd | pornxp.la |
| NIC LC (University of Puerto Rico) | pornxp.lc |
| Traficom (Finnish Transport and Communications Agency Traficom) | pornxp.fi |
| FO Council / nic.fo | pornxp.fo |
| NTRC Grenada / nic.gd | pornxp.gd |
| TELE Greenland A/S | pornxp.gl |
| University of Guyana / registry.gy | pornxp.gy |
| Red de Desarrollo Sostenible (Honduras) / nic.hn | pornxp.hn |
| NIC.DO | pornxp.do |
| Identity Digital Limited c/o Identity Digital Inc. | pornxp.info, porn-xp.ac, pornxp.ac |
| Internet Computer Bureau Limited | pornxp.io |

Tucker Decl., ¶ 36.

### III.    LAW AND ARGUMENT

#### A.  Standard for Civil Contempt.

A court may hold a party in contempt for failure to comply with a judgment requiring the party to perform a specific act. Fed. R. Civ. P. 70(e). "The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The

PLAINTIFF AYLO PREMIUM LTD'S *EX PARTE*
MOTION TO RE-OPEN CASE, ENTER CONTEMPT
AND IMPOSE SANCTIONS OR ISSUE AN ORDER TO
SHOW CAUSE [3:25-cv-05473-BHS] - 9

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

burden then shifts to the contemnors to demonstrate why they were unable to comply." *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002) (quoting *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999)). While "there is no good faith exception to the requirement of obedience of a court order[,] . . . a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (alteration, citations, and internal quotation marks omitted).

A party may be held in civil contempt for failure to take all reasonable steps within the party's power to comply with a specific and definite court order. *See Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006); *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993); *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146 (9th Cir. 1983). A person fails to act as ordered by a court when "he fails to take 'all the reasonable steps within [his] power to insure compliance with the [court's] order.'" *Id.* at 1146–47, *quoting Sekaquaptewa v. MacDonald*, 544 F.2d 396, 406 (9th Cir. 1976), *cert. denied*, 430 U.S. 931 (1977).

The civil contempt analysis asks: (1) did the party against whom contempt sanctions are sought violate a court order (2) beyond substantial compliance (3) not based on a good faith and reasonable interpretation of the order (4) by clear and convincing evidence. *See id.* The proof for civil contempt must be clear and convincing—a higher standard than the preponderance of the evidence standard but less stringent than beyond a reasonable doubt. *United States v. Powers*, 629 F.2d 619, 626 n. 6 (9th Cir. 1980) (dictum).

"Civil contempt is characterized by the court's desire to compel obedience to a court order, or to compensate the contemnor's adversary for the injuries which result from the noncompliance." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983) (emphasis in original); *see also Shell Offshore, Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (stating that "[i]n distinguishing between criminal and civil contempt, we must look to

PLAINTIFF AYLO PREMIUM LTD'S *EX PARTE*
MOTION TO RE-OPEN CASE, ENTER CONTEMPT
AND IMPOSE SANCTIONS OR ISSUE AN ORDER TO
SHOW CAUSE [3:25-cv-05473-BHS] - 10

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

the sanction's 'character and purpose'"; "'[t]he purpose of civil contempt is coercive or compensatory, whereas the purpose of criminal contempt is punitive'").

A finding of civil contempt is appropriate when a party fails to comply with a specific and definite court order. *Gifford v. Heckler*, 741 F.2d 263, 265 (9th Cir. 1984). Failure to comply consists of not taking "all the reasonable steps within [one's] power to insure compliance with the order []." *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 406 (9th Cir. 1976), *cert. denied*, 430 U.S. 931 (1977).

The party alleging civil contempt must demonstrate by clear and convincing evidence that (1) the contemnor violated a court order, (2) the noncompliance was more than technical or de minimis, and (3) the contemnor's conduct was not the product of a good faith or reasonable interpretation of the violated order. *See United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010); *Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014).

A court has wide latitude in determining whether there has been contemptuous defiance of its order. *A&M Records,* Inc*. v. Lamonte*, 366 F. App'x 736, 738 (9th Cir. 2010); *Hook v. Arizona Dep't of Corrections,* 107 F.3d 1397, 1403 (9th Cir. 1997); *Neebars, Inc. v. Long Bar Grinding, Inc.*, 438 F.2d 47, 48 (9th Cir. 1971).

**B. Civil Contempt Procedures.**

Generally, "[c]ontempt proceedings are instituted by the issuance of an Order to Show Cause . . . why a contempt citation should not issue and a notice of a date for the hearing." *Alcalde v. NAC Real Est. Invs. & Assignments, Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008). The Ninth Circuit has held that "a civil contempt proceeding is 'a trial within the meaning of Fed. R. Civ. P. 43(a) rather than a hearing on a motion within the meaning of Fed. R. Civ. P. 43(e)[;] . . . the issues may not be tried on the basis of affidavits.'" *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 495 (9th Cir. 1983) (quoting *Hoffman v. Beer Drivers & Salesman's Loc. Union No. 888*, 536 F.2d 1268, 1277 (9th Cir. 1976)); *see also Peterson v. Highland Music, Inc.*, 140 F.3d

PLAINTIFF AYLO PREMIUM LTD'S *EX PARTE*
MOTION TO RE-OPEN CASE, ENTER CONTEMPT
AND IMPOSE SANCTIONS OR ISSUE AN ORDER TO
SHOW CAUSE [3:25-cv-05473-BHS] - 11

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

1313, 1324 (9th Cir. 1998) ("[A] district court ordinarily should not impose contempt sanctions solely on the basis of affidavits.") (citing *Hoffman*, 536 F.2d at 1276–77)). Absent a compelling reason to hold defendant in contempt solely on the basis of motion and declarations, such declarations absent a hearing are not enough. *See Salamon v. Creditors Specialty Serv., Inc.*, No. C 11-172 CW, 2012 U.S. Dist. LEXIS 146808, 2012 WL 4857810, at *3 (N.D. Cal. Oct. 11, 2012) (denying motion for contempt in part because the movant had not requested an order to show cause).

But a trial court may in a contempt proceeding narrow the issues by requiring that affidavits on file be controverted by counter-affidavits and may thereafter treat as true the facts set forth in uncontroverted affidavits. *Hoffman ex rel NLRB v. Beer Drivers & Salesmen's Loc. Union*, 536 F.2d 1268, 1277 (9th Cir. 1976).

**1. Compelling Reasons to Rely on Declarations to Satisfy Contempt Finding.**

In addition to the Court's authority to narrow issues on a contempt motion through declarations or affidavits and treat uncontroverted facts as true, courts also have identified compelling reasons that can justify a contempt finding without a hearing. This case presents such compelling reasons. First, Abdullaev has failed to appear in this action. He was properly served with the summons and complaint and chose to ignore the matter. Thus, he willingly permitted Plaintiff's allegations in the matter to be uncontroverted and accepted as true.

Second, as a result of his failure to appear in the action, Abdullaev avoided the discovery process. Thus, he did not submit to questioning in deposition, did not answer interrogatories, and did not have to respond to requests for production. Given his evasion of discovery obligations, he should not now be afforded the opportunity to present unchallenged information to the Court.

Third, Abdullaev's contempt is clear and unambiguous. Abdullaev did not take reasonable steps to comply with the Court's order, such as removing Plaintiff's works from display on the new sites. Instead, clear and convincing evidence shows that the PornXP Mirror Sites are identical to his PornXP websites and are under common control. *See* pages 3–7 above. And his PornXP

PLAINTIFF AYLO PREMIUM LTD'S *EX PARTE*
MOTION TO RE-OPEN CASE, ENTER CONTEMPT
AND IMPOSE SANCTIONS OR ISSUE AN ORDER TO
SHOW CAUSE [3:25-cv-05473-BHS] - 12

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

Mirror Sites continue to display at least forty of the same copyrighted works Aylo identified in the complaint that led to the permanent injunction, along with other copyrighted works of Aylo that Abdullaev was also enjoined from infringing. *See* page 5 above. In short, Abdullaev, rather than conducting himself according to a reasonable interpretation of the Court's Order, responded with actions designed to thwart this Court's Order that made the PornXP websites unavailable. The standard for finding civil contempt is met here. The only remaining question is the remedy.

Given the clear nature of Abdullaev's contempt, his continuing infringement of Plaintiff's works, and his failure to appear or engage in this lawsuit, Plaintiff submits that the Court should dispense with a live hearing and determine contempt and the appropriate remedy based on the submitted declarations.[2]

**2. In the Alternative, Plaintiff Requests a Show Cause Order and Hearing.**

If the Court decides to conduct a live hearing to determine Abdullaev's contempt, Aylo requests that the Court issue an order that Abdullaev show cause why he should not be held in contempt and set a hearing for testimony. Plaintiff further requests that the Court permit Aylo to present witness testimony at that hearing via Zoom video conferencing because its potential witnesses are located in states outside California, including Mexico. See, *e.g.*, Tucker Decl. at 9 (indicating that Mr. Tucker lives in Mexico).

**C. Sanctions upon Contempt Finding.**

Civil contempt sanctions serve may serve two purposes: "to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the

---

[2] This court has granted the same relief in other copyright infringement cases. *See, e.g.*, *MG Premium Ltd v. Does 1-20*, No. 3:2021-cv-05733-BHS, Dkt. 30–38 (W.D. Wash. Aug. 3, 2023); *Disney Enterprises, Inc. et al. v. VidAngel Inc.*, No. 2:2016-cv-04109-AB, Dkt. 161 & 175, (C.D. Cal. Jan. 6, 2017).

PLAINTIFF AYLO PREMIUM LTD'S *EX PARTE*
MOTION TO RE-OPEN CASE, ENTER CONTEMPT
AND IMPOSE SANCTIONS OR ISSUE AN ORDER TO
SHOW CAUSE [3:25-cv-05473-BHS] - 13

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

contemptuous behavior, or both." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986) (citing *United States v. United Mine Workers*, 330.U.S. 258, 303–04 (1947)).

There is little purpose to imposing monetary sanctions here. A judgment of $10,200,000 (Dkt. 26) failed to stop Abdullaev from continuing to infringe Aylo's works. A further monetary award is not likely to dissuade Abdullaev and will be difficult to collect. Instead, the Court should enforce obedience with its orders by disabling the mirror sites Abdullaev set up to continue infringing Aylo's copyrighted works.

Plaintiff therefore requests that the Court effectively expand the relief it has already granted—transferring to Plaintiff the domains Abdullaev is using to commit mass infringement of Plaintiff's copyrights—by applying it to the PornXP Mirror Sites.

### IV.    Conclusion

For the reasons above and based on the supporting evidence, Plaintiff requests that Defendant Alex Abdullaev be found in civil contempt of the injunction in the court's default judgment order (Dkt. 26) based on the submission of the accompanying declarations. As sanctions for contempt, Plaintiff requests that the Court Order the domain registries for the PornXP Mirror Sites to change the of record for the listed domains to EuroDNS S.A., and then, upon EuroDNS becoming registrar, order EuroDNS to set the registrant, administrative, and technical contacts for each domain to Aylo Premium Ltd. and to update nameservers as Aylo instructs.

Aylo further requests that the court order each registrar for the PornXP Mirror Sites to allow Aylo to setup an account in the name of Aylo Premium Ltd, after which the registrar shall transfer the respective domain(s) into that account and provide Aylo Premium Ltd with full access to that account. Further, if transfer is not permitted, the registrars shall set Aylo Premium Ltd as the registrant of the domain(s), remove any privacy masking, and provide Aylo Premium Ltd with full access to that account.

PLAINTIFF AYLO PREMIUM LTD'S *EX PARTE*
MOTION TO RE-OPEN CASE, ENTER CONTEMPT
AND IMPOSE SANCTIONS OR ISSUE AN ORDER TO
SHOW CAUSE [3:25-cv-05473-BHS] - 14

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845

In the alternative to Alex Abdullaev in contempt based on the submission of declarations, Aylo respectfully requests that the Court issue an order to show cause requiring Abdullaev to submit reasons why he should not be held in contempt and set a contempt hearing.

Respectfully submitted this 20th day of February 2026.

**ETHAN JACOBS LAW CORPORATION**

By /s/ *Ethan Jacobs*

Ethan Jacobs (admitted *pro hac vice*)
100 Pine Street, Suite 1250
San Francisco, California 94111
415-275-0845
ethan@ejacobslaw.com

**FREEMAN LAW FIRM, INC.**

By  /s/ *Spencer D. Freeman*

Spencer D. Freeman, WSBA No. 25069
1107 ½ Tacoma Avenue South
Tacoma, Washington 98402
253-383-4500
253-383-4501 (fax)
sfreeman@freemanlawfirm.org

*Counsel for Plaintiff Aylo Premium Ltd*

PLAINTIFF AYLO PREMIUM LTD'S *EX PARTE* MOTION TO RE-OPEN CASE, ENTER CONTEMPT AND IMPOSE SANCTIONS OR ISSUE AN ORDER TO SHOW CAUSE [3:25-cv-05473-BHS] - 15

ETHAN JACOBS LAW CORPORATION
100 Pine St. Suite 1250
San Francisco, CA 94111
(415) 275-0845